

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00180-CR

DONNELL E. ENGLISH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 2
Tarrant County, Texas
Trial Court No. 1905134, Honorable William A. Knight, Presiding[1]

July 22, 2026

ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2]  By the brief, counsel raises one potentially arguable issue.  Agreeing the issue is arguable, we grant counsel's motion to withdraw and remand the case to the trial court for appointment of new counsel.

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE § 73.001.  We apply the Second Court's precedent to the extent it conflicts with our own.  *See* TEX. R. APP. P. 41.3.

[2] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).

## BACKGROUND

Appellant was charged by amended indictment in early 2026 with various sexual offenses against a child. The matter was tried to a jury, and it found Appellant guilty of Count I, Aggravated Sexual Assault of a Child.[3] The jury acquitted Appellant of the remaining charges.

After punishment evidence was presented, the jury assessed punishment against Appellant at 55 years of imprisonment.

## ANALYSIS

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders*. *See Anders*, 386 U.S. at 744–45. After an appellant's court-appointed attorney files a motion to withdraw and an *Anders* brief, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). After doing so, we have two choices. One, we may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744). Or, two, we may determine that arguable grounds for an appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *See Bledsoe*, 178 S.W.3d at 826–27 (citing *Stafford*, 813 S.W.2d at 510).

---

[3] TEX. PENAL CODE § 22.021(a)(2)(B).

Here, after our own independent review, we have found at least one arguably meritorious issue on which to base an appeal. Counsel noted that case law suggests a non-victim witness should not be asked for his or her recommendation of a particular punishment. *See, e.g., Hughes v. State*, 787 S.W.2d 193, 196 (Tex. App.—Corpus Christi 1990, pet. ref'd) ("[t]he argument that a witness may recommend a particular punishment to the trier of fact has been soundly rejected").

The witness who testified in the underlying case was a non-victim witness who did not ultimately provide a recommendation as to punishment. Nevertheless, we cannot conclude, given the nature of the exchange that occurred during the punishment phase of trial and the punishment assessed against Appellant, that the appeal before us is wholly frivolous. This is so irrespective of whether it ultimately prevails. *Id. See Davis v. State*, 683 S.W.3d 828, 830 (Tex. App.—Amarillo 2023, no pet.) ("[w]hen at least one issue is arguable, *Anders* is not the proper mode of continuation") (citing *Limauro v. State*, 675 S.W.3d 368 (Tex. App.—Dallas 2023, no pet.) (thoroughly explaining *Anders* procedure and how it is to be properly utilized by appellate counsel). *See also Gonzalez v. State*, No. 07-26-00010-CR, 2026 Tex. App. LEXIS 5338, at *2 (Tex. App.—Amarillo June 9, 2026, order) (citing *Poteet v. State*, No. 07-24-00186-CR, 2024 Tex. App. LEXIS 8745, *2 n.2 (Tex. App.—Amarillo Dec. 17. 2024, order) ("We make no comment upon the ultimate viability of the issues mentioned but only conclude they necessitate development.")). Consequently, we grant counsel's motion to withdraw, abate the proceeding, and remand the matter to the trial court.

3

### Conclusion

Upon remand, the trial court shall, by written order, appoint new counsel to represent Appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the Clerk of this Court no later than Tuesday, September 1, 2026.

Newly appointed counsel may request supplementation of the appellate record as needed. Such supplementation, if any, must be requested by written motion filed with the Clerk of this Court before Tuesday, September 8, 2026. The deadline by which newly appointed counsel must file an appellant's brief or other brief addressing the aforementioned issue and any other arguable issues he or she encounters is Tuesday, September 22, 2026, unless otherwise extended.

IT IS SO ORDERED.

Per Curiam

Do not publish.

4